## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

STEPHEN JAMES PANTAZES,

       Plaintiff,

v.                                 Case No:  6:14-cv-2133-Orl-28GJK

JOHN ROBERTS ASSOCIATES, JOHN
ROBERTS, and MICHAEL RAK,

       Defendants.

---

### ORDER

Plaintiff, Stephen James Pantazes, sues Defendants, John Roberts Associates, John Roberts, and Michael Rak, alleging various causes of action relating to Defendants' legal representation of Plaintiff. Because Plaintiff failed to state a basis for subject-matter jurisdiction in federal court, the case must be dismissed.

Plaintiff, representing himself, filed his first Complaint on December 31, 2014, bringing nine total counts—three each for negligence; mismanagement and deceit; and breach of contract. (Compl., Doc. 1). Plaintiff appears to allege that he hired Defendants to represent him in obtaining Social Security Disability benefits and that Defendants did not pursue his case. (Id. at 2). After the Complaint was filed, this Court notified Plaintiff that "[t]he Complaint [did] not set forth a valid basis for this Court's jurisdiction" and ordered Plaintiff to respond with "a legal basis and facts to support jurisdiction." (Order to Show Cause, Doc. 5, at 1).[1] Plaintiff responded to the Order to Show Cause with additional

---

[1] The Court ordered Plaintiff to show cause "why the case should not be remanded to state court for lack of subject-matter jurisdiction." (Doc. 5 at 1). Because this case was originally filed in federal court rather than removed from state court to federal court, the

allegations regarding his disability and his relationship with Defendants, including that he hired Defendants to represent him in April 2011 and that Defendants committed malpractice that resulted in the loss of his Social Security benefits. (See Resp., Doc. 10).[2] In the Response, Plaintiff requests that the Court transfer the case "[i]f the Federal Honorable Court's problem is with Venue." (Id. at 4).   Plaintiff did not state any legal or factual basis for federal subject-matter jurisdiction in his Response. (See id.).

Before Plaintiff filed his response to the Court's Order, Defendants moved to dismiss the Complaint for failure to state a claim under Federal Rules of Civil Procedure 8 and 9, lack of subject matter jurisdiction, lack of personal jurisdiction, and Plaintiff's failure to abide by the Court's orders. (Doc. 6).   Thereafter, Plaintiff filed a supplement to his Complaint. ("Addition to 1st Amended Complaint," Doc. 13).   The supplement contains peculiar and irrelevant information.   Plaintiff inquired: "Does plaintiff have to wait to receive lawyer representing rejection letter before trying the next lawyer on the Florida Bar's Website Lawyer Referral List?" (Id. at 1).   The supplement also contained an allegation of assault against Plaintiff by a Volusia County deputy and a description of Plaintiff's unsuccessful attempts to obtain legal representation. (Id. at 2-6).

---

Order should have warned of dismissal, not remand.   However, the Court adequately notified Defendant that his Complaint was deficient as to subject-matter jurisdiction, and Plaintiff clearly understood that he was facing dismissal. (See Resp. to Order to Show Cause, Doc. 10, at 1 ("Please don't dismiss case.")).   Nevertheless, Plaintiff subsequently failed to establish subject-matter jurisdiction, as detailed in this Order.

[2] Plaintiff's Response to the Order to Show Cause states that it is the "1st Amended Complaint," in addition to "Show Cause Showing Cause of Action." (Doc. 10).   Because Plaintiff later filed an Amended Complaint, (Doc. 16), the Court construes Doc. 10 as responding to the Order to Show Cause and Doc. 16 as Plaintiff's first amendment to his Complaint.

Plaintiff later filed an Amended Complaint,[3] (Doc. 16), which rendered Defendant's motion to dismiss moot.  The Amended Complaint contains much of the same information as Plaintiff's response to the Order to Show Cause.  In the Amended Complaint, Plaintiff appears to bring counts of negligence, deceit, "[p]ossible" breach of contract, breach of fiduciary duty, and legal malpractice.  (Id. at 1).  Plaintiff again alleges facts about his disability and Defendants' alleged malpractice but does not allege a basis for federal subject-matter jurisdiction.  (See id.).

"Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'"  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (quoting Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004)).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  U. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff does not allege a basis for either federal question jurisdiction or diversity jurisdiction in any of his filings.  (See Docs. 1, 10, 13, & 16).  Plaintiff cites no federal statutes under which he brings his claims.  Though he cites the United States Constitution, (Am. Compl., Doc. 16, at 2), he does not allege any specific constitutional right that was violated, and such a right is not apparent from the face of the Amended Complaint.[4]  The Amended Complaint thus contains no basis for federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff also fails to allege diversity jurisdiction under 28 U.S.C. § 1332.

---

[3] None of Plaintiff's pleadings, including the Amended Complaint, comply with Federal Rule of Civil Procedure 10(b), which states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

[4] Additionally, Plaintiff does not allege that Defendants are state actors whose actions are implicated by particular constitutional provisions.

Plaintiff does not state the citizenship of the parties in the Amended Complaint, but in various filings he alleges that he resides in Florida, (Compl., Doc. 1, at 1), and that Defendants have "a chain of offices throughout Florida," with a main office in Ormond Beach, Florida, (id. at 1; accord Am. Compl., Doc. 16, at 4).  Accordingly, the parties do not appear to be diverse, and Plaintiff's allegations do not satisfy the requirements for diversity jurisdiction.

Plaintiff has failed to set forth a basis for this Court's subject-matter jurisdiction despite being given multiple chances to allege subject-matter jurisdiction.  It appears that he will be unable to correct this deficiency if granted leave to further amend his Amended Complaint, and amendment therefore would be futile.  Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      This case is **DISMISSED** for lack of subject-matter jurisdiction.

2.      All pending motions are **DENIED AS MOOT**.

3.      The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida, on March ___, 2015.

 

 

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties